UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-MJ-5029-SNOW

UNITED STATES OF AMERICA

v.

RUBICEL ROMAN HERNANDEZ-MENDEZ,

      Defendant.

_____/

**CRIMINAL COVER SHEET**

1. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to October 3, 2019 (Mag. Judge Jared M. Strauss)?   No

2. Did this matter involve the participation of or consultation with Magistrate Judge Eduardo I. Sanchez during his tenure at the U.S. Attorney's Office, which concluded on January 22, 2023?   No

3. Did this matter involve the participation of or consultation with Magistrate Judge Marty Fulgueira Elfenbein during her tenure at the U.S. Attorney's Office, which concluded on March 5, 2024?   No

4. Did this matter involve the participation of or consultation with Magistrate Judge Ellen F. D'Angelo during her tenure at the U.S. Attorney's Office, which concluded on October 7, 2024?   No

                                              Respectfully submitted,

                                              HAYDEN P. O'BYRNE
                                              UNITED STATES ATTORNEY

BY:    */s/ Jeremy C. Fugate*
        Jeremy C. Fugate
        Assistant United States Attorney
        Court ID No. A5503295
        99 Northeast Fourth Street
        Miami, Florida 33132-2111
        Tel: (305) 961-9424
        Email: Jeremy.Fugate@usdoj.gov

AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
### for the
Southern District of Florida

| | |
|---|---|
| United States of America<br>v.<br><br>RUBICEL ROMAN HERNANDEZ-MENDEZ,<br><br>Defendant(s) | Case No.<br><br>25-MJ-5029-SNOW |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of  June 26, 2025  in the county of  Monroe  in the
Southern District of Florida and elsewhere, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 8, United States Code, Section 1326(a) | Reentry of a Removed Alien |

This criminal complaint is based on these facts:

See attached Affidavit.

☑ Continued on the attached sheet.

*Nicholas Brady*
Complainant's signature

NICHOLAS C. BRADY, BPA
Printed name and title

Sworn to before me telephonically.

Date: 6/27/25

*Lurana S. Snow*
Judge's signature

City and state:   Key West, Florida    Hon. Lurana S. Snow, U.S. Magistrate Judge
Printed name and title

Case No. 25-MJ-5029-SNOW

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Nicholas C. Brady being duly sworn, do hereby depose and state the following:

### INTRODUCTION

1. I am a Border Patrol Agent with the United States Border Patrol ("USBP"), Customs and Border Protection ("CBP") and have been so employed for over six (6) years. I have been employed as a full-time sworn federal agent with USBP since 2019, having graduated from the USBP basic border patrol training academy, which included specialized training in Title 8 United States Code, immigration and naturalization act; Title 19, United States Code, customs law violations; and Title 21, United States Code, the controlled substances act.

2. As an investigative or law enforcement officer of the United States within the meaning of 18 U.S.C. § 2510(7), I am empowered by law to conduct investigations and make arrests for violations of federal statutes.

3. I submit this Affidavit in support of a criminal complaint charging **Rubicel Roman HERNANDEZ-MENDEZ**, whose date of birth is June 25, 1991, with illegal re-entry of a previously removed alien, in violation of Title 8, United States Code, Section 1326(a).

4. The statements contained in this Affidavit are based upon my own personal knowledge gathered during my participation in this investigation; my previous training and experience; other law enforcement officers and agents who have engaged in numerous investigations involving the transportation of migrants who are unlawfully present in the United States; and facts and information from sources I believe to be reliable. During this investigation, I reviewed oral and written reports that pertain to this investigation. I received these reports directly from other law enforcement officials and employees of USBP.

5. This Affidavit does not set forth every fact known to me regarding the investigation. This Affidavit only includes the facts necessary to establish probable cause to believe that **HERNANDEZ-MENDEZ** committed the offense of illegal re-entry after removal, in violation of Title 8, United States Code, Section 1326(a).

## PROBABLE CAUSE

1. On or about June 26, 2025, at approximately 7:42 a.m., near Islamorada, Florida, the Florida Highway Patrol ("FHP") authorities pulled over a blue Ford truck, which had a broken right front headlight.

2. During the stop, FHP Trooper Pedro Reinoso requested assistance from USBP after the two occupants, presented work permits. USBP Agent Jorge Artiles responded to the call.

3. Agent Artiles ran the two subjects' immigration information through the Border Patrol central database system. The database search established that **HERNANDEZ-MENDEZ** did not have legal immigration status and was previously removed from the United States. Furthermore, the investigation established that **HERNANDEZ-MENDEZ** is a citizen and national of Mexico.

4. As a result, Agent Artiles arrested **HERNANDEZ-MENDEZ** and transported him to the Marathon Border Patrol Station for further processing.

5. Once they arrived at the station, USBP agents provided a Spanish version of an I-214 form to **HERNANDEZ-MENDEZ**, which advised **HERNANDEZ-MENDEZ** of his *Warning as to Rights*. **HERNANDEZ-MENDEZ** verbally acknowledged receipt of his rights and signed the I-214 form. **HERNANDEZ-MENDEZ** invoked his right not to answer questions without an attorney present or sign any further processing and removal documents.

6. As part of the normal intake process, USBP agents collected **HERNANDEZ-MENDEZ'S** biometric information and compared it to law enforcement databases. These databases, along with records checks, revealed that immigration authorities previously removed **HERNANDEZ-MENDEZ** from the United States to Mexico on April 25, 2011, and May 2, 2011, pursuant to a final order of removal.

7. Further investigation revealed that **HERNANDEZ-MENDEZ** entered the United States and did not have the consent of the Attorney General or the Secretary of Homeland Security to apply for readmission to the United States.

## CONCLUSION

8. Based on the foregoing facts, your Affiant respectfully submits that there is probable cause to believe that **HERNANDEZ-MENDEZ** is an alien previously removed from the United States to Mexico on or about April 25, 2011, and May 2, 2011, and found to be illegally present within the United States on or about June 26, 2025, knowingly and willfully, without the Attorney General of the United States or his successor, the Secretary of Homeland Security, having expressly consented to such alien's replying for admission to the United States, in violation of Title 8, United States Code, Section 1326(a).

**FURTHER YOUR AFFIANT SAYETH NAUGHT.**

*Nicholas Brady*
NICHOLAS C. BRADY, AGENT
UNITED STATES BORDER PATROL

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1
by Telephone this 27 day of June 2025.

*Lurana S. Snow*
HONORABLE LURANA S. SNOW
UNITED STATES MAGISTRATE JUDGE

3